# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

August 2, 2019

Before:

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

Nos. 17-3508 & 18-2199

|  |  |
|---|---|
| MARK RICHARDSON, | Appeals from the United States District Court for the Northern District of |
| *Plaintiff-Appellant*, | Illinois, Eastern Division. |
| *v.* | No. 16-cv-03027 |
| CHICAGO TRANSIT AUTHORITY, | John Robert Blakey, |
| *Defendant-Appellee*. | *Judge*. |

## O R D E R

The opinion issued in the above-entitled case on June 12, 2019, is hereby amended as follows:

On Page 7, line 23, the last sentence of the paragraph, which states,

> EEOC regulations interpreting the ADA are entitled to deference under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, unless they are "arbitrary, capricious, or manifestly contrary to the statute." 467 U.S. 837, 844 (1984); *see Sutton v. United Air Lines, Inc.*, 130 F.3d 893, 899 n.3 (10th Cir. 1997).

is amended to read,

> We view EEOC regulations interpreting the ADA's definitions as "instructive guidance." *Steffen v. Donahoe*, 680 F.3d 738, 743 n.3 (7th Cir. 2012); *see also Waldrip v. Gen. Elec. Co.*, 325 F.3d 652, 655 n.1 (5th Cir. 2003) (EEOC regulations interpreting 42 U.S.C. § 12102 are "persuasive authority").[1]

Additionally, on Page 12, line 20, the last sentence of the paragraph, which states,

> While EEOC interpretive guidance is "not entitled to full *Chevron* deference," it does "reflect a body of experience and informed judgment to which courts and litigants may properly resort for guidance" and is therefore "entitled to a measure of respect under the less deferential *Skidmore* [*v. Swift & Co.*, 323 U.S. 134 (1944)] standard." *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 399 (2008) (citations and internal quotation marks omitted); *see Gile v. United Airlines, Inc.*, 95 F.3d 492, 497 (7th Cir. 1996).

shall be removed.

---

[1] Because Congress did not delegate authority to the EEOC to implement 42 U.S.C. § 12102, the precise degree of deference courts owe to EEOC regulations interpreting the term "disability" is an open question. *See Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 194 (2002) ("Because both parties accept the EEOC regulations as reasonable, we assume without deciding that they are, and we have no occasion to decide what level of deference, if any, they are due."), *superseded by statute*, ADAAA, 122 Stat. 3553; *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 480 (1999) (same), *superseded by statute*, ADAAA, 122 Stat. 3553; *Albertson's, Inc. v. Kirkingburg*, 527 U.S. 555, 563 n.10 (1999) (same); *see also Winsley v. Cook County*, 563 F.3d 598, 603 n.2 (7th Cir. 2009) (EEOC interpretations of § 12102 are "not necessarily entitled to any special deference by the courts").